UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN H. COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-97 JAR |
| ) | |
| DR. MICHAEL BAUMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner currently incarcerated at Potosi Correctional Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff, formerly an inmate at Southeast Correctional Center ("SECC"), brings this action against defendant Dr. Michael Bauman under 42 U.S.C. § 1983. Plaintiff states that on February 22, 2018, he was severely assaulted at SECC's library and suffered a broken jaw in two places. On February 27, 2018, Dr. Bauman performed a very extensive surgery on plaintiff's jaw at Capital Regional Medical Center in Jefferson City, Missouri. Plaintiff states "defendant [was] supposed to have wire[d] my jaw but he went beyond that [illegible] resulted in permanent life damages."

After surgery, plaintiff was transferred to Jefferson City Correctional Center to undergo a two-day observation. Dr. Bauman prescribed a liquid diet. Plaintiff then returned back to SECC and was housed in the infirmary for thirty days. Plaintiff had two follow up appointments with Dr. Bauman, where x-rays were taken, and plaintiff was told to continue on the liquid diet. Plaintiff states "defendant failed to exercise the customary skill and diligence that a competent experienced doctor would exercise."

Describing the condition of his jaw, plaintiff states:

I can barely eat. I can't chew any longer. [F]ood on the spoon ha[s] to be level before I can put it in my mouth because I cannot open my mouth wide enough. It is permanent[ly] stuck. My jaw [] all the way over to my right side feel like it's swollen and look like it too. My right side even have my lips poking out. I bites on the inside of my lips when I tries to talk or eat. I constantly hears popping

> sounds from my jaw. I got plates on both sides of my jaw when it should have
> been just a simple wire. It'll take another surgery to put my jaw back on line.

Plaintiff states defendant "knew in advance that this could have been prevented by doing a simple wire to my jaw like we all thought he would . . . Dr. Michael Bauman had failed to do an effective surgery."

## Discussion

Construed liberally, plaintiff claims Dr. Bauman was deliberately indifferent to plaintiff's serious medical need when he performed surgery on plaintiff's jaw. To state a prima facie case of deliberate indifference, plaintiff must demonstrate that he suffered from an objectively serous medical need and that the prison official actually knew of but deliberately disregarded that need. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Id.* "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

Unquestionably, plaintiff had a serious medical condition; his jaw was broken in two places as confirmed by x-rays. The only question is whether Dr. Bauman knew of this serious medical need and deliberately disregarded this need. According to plaintiff's complaint, Dr. Bauman performed an extensive surgery on plaintiff's jaw, and has examined plaintiff postoperatively through two follow up appointments. Although plaintiff's complaint is not entirely clear, plaintiff seems to state that the surgery involved inserting metal plates into each side of his jaw. Plaintiff thought, however, that Dr. Bauman should have wired his jaw shut instead of installing the plates.

While the Court is sympathetic to plaintiff's current condition, it cannot find that plaintiff has stated a plausible claim of deliberate indifference against Dr. Bauman. Mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. *See, e.g., Rowe v. Norris*, 198 Fed. App'x. 579, 581 (8th Cir. 2006) (no Eighth Amendment violation because inmate disagreed with physician's choice of medication); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment"); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (claims properly dismissed because they were based on "nothing more than mere disagreement with the course of his medical treatment"). Here, Dr. Bauman treated plaintiff's broken jaw surgically using the insertion of two plates rather than wiring plaintiff's jaw shut. Using one surgical procedure instead of another does not violate the Eighth Amendment and, therefore, plaintiff cannot state a plausible claim against Dr. Bauman under 42 U.S.C. § 1983.

For these reasons, the Court will dismiss plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).